UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-CV-394

| | |
|---|---|
| **WAYNE BOGER**<br><br>**Plaintiff**<br><br>v.<br><br>**TRUIST FINANCIAL CORPORATION**<br><br>**Defendants** | **COMPLAINT**<br><br>**WITH DEMAND FOR TRIAL BY JURY** |

**NOW COMES** Plaintiff, Wayne Boger, by and through Counsel, and pursuant to 12 U.S.C. § 4001, *et seq.*, N.C. Gen. Stat. § 75-1.1, and North Carolina common law, respectfully pleads to this Court the following:

## JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

3. This case is brought within four years of the alleged violations of N.C. Gen. Stat. 75-1.1, within three years of North Carolina common law violations, and within one year of the alleged violations of 12 U.S.C. § 4001, *et seq.*, though there is no formal statute of limitations for claims pursuant to 12 U.S.C. § 4001, *et seq.*

## PARTIES

4. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

5. Wayne Boger ("Plaintiff") is an individual and citizen of the State of North Carolina who currently resides in Rowan County, North Carolina.

6. At all times relevant to this action the Plaintiff was a "consumer" as defined by N.C. Gen. Stat. § 75-50(1); the transaction at issue was primarily for personal, family or household purposes because it is alleged to be part of proceed for legal online gaming.

7. Mr. Boger's bank account with Truist Financial Corporation (Truist) ending in 3885 is the subject of this lawsuit (the Account).

8. The Account is an "Account" pursuant to 12 U.S.C. § 4001(1) because it is a demand deposit account or other similar transaction account at a depository institution.

9. The Account is also a "Consumer Account" pursuant to 12 U.S.C. § 4001(10) because it is an account used primarily for personal, family, or household purposes.  used this account primarily for household purposes.

10. Truist is a "Depository Institution" pursuant to 12 U.S.C. § 4001(12) as it is a person which directly or indirectly holds accounts belonging to consumers.

11. At all times Plaintiff was and is a "consumer" pursuant to 12 U.S.C. 4001(10) as he is a natural person who used the Account for personal, family, or household purposes.

12. Truist is a North Carolina bank doing business in North Carolina.

13. Truist can be reached for service through its registered agent Corporation Service Company at 2626 Glenwood Ave., Suite 550, Raleigh, North Carolina, 27608.

14. Truist's principal executive office is located at 214 North Tryon Str., Charlotte, North Carolina, 28202.

15. At all times relevant to this complaint, Truist Bank was a subsidiary of Truist Financial Corporation.

**FACTUAL ALLEGATIONS**

16. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

17. Fanduel, Inc. (Fanduel), is an online sports book website legally operating in North Carolina.

18. Mr. Boger opened his Fanduel account in March of 2024.

19. When a consumer places a bet and wins, Fanduel will deposit the money directly into an account assigned by the consumer.

20. Mr. Boger directed Fanduel to deposit his winnings into the Account.

21. Mr. Boger used the Account successfully for several months.

22. Fandual made appropriate deposits of Mr. Bogers winning several times.

23. On or about October 16, 2024, Mr. Boger won $4,500.

24. Fanduel deposited this money into the Account on October 16, 2024.

25. On or about October 24, 2024, Mr. Boger won $4,500.

26. Fanduel deposited this money into the Account on October 24, 2024.

27. On October 24, 2024, Mr. Boger attempted to withdraw his winnings from the Account and was unable to.

28. Mr. Boger contacted Truist about this issue on October 25, 2024.

29. Truist informed Mr. Boger that the account was under investigation with its fraud team, or words to that effect.

30. Mr. Boger contacted Truist several times about this issue, with the same result each time.

31. After receiving no help from Truist, Mr. Boger contacted FanDuel.

32. FanDuel sent Mr. Boger an email demonstrating that it had deposited $4,500 and $5,000 into the Account as it was obligated to do.

33. Mr. Boger forwarded that email to the Truist fraud department.

34. Truist responded to Mr. Boger that Truist still believed there was fraud on the account and would not change its position or release his money.

35. Truist closed the Account on October 30, 2024, and retained Mr. Boger's money.

36. Truist closed this account without Mr. Boger's permission and without cause.

37. After this, Mr. Boger called Truist about the Account and Truist told him that the money would be placed into an account where the money would be held until someone claims it, or words to that effect.

38. Mr. Boger told Truist that he claimed the money at that time.

39. Truist denied his ability to claim the money.

40. At this point Truist will not return Mr. Boger's money to him and has improperly converted his money.

41. Mr. Boger had planned to pay off unsecured debt with his money, but was unable to do so because Truist would not return his money to him.

42. This caused economic damages.

43. Mr. Boger wasted many hours attempting to resolve this issue without success because of Truist.

44. This also caused great stress, frustration, and aggravation to Mr. Boger.

45. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein and its management.

46. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## 12 U.S.C. § 4001 et seq.

47. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein

48. The transfers of money from Fanduel to the Defendant was a "Wire Transfer" pursuant to 12 U.S.C. § 4001(25).

49. Truist violated 12 U.S.C. § 4002(a) because Truist has never made available to Mr. Boger certain wire transfers or cash deposits from Fanduel.

50. Truist violated 12 U.S. Code § 4006(e) by failing to train its appropriate employees regarding 12 U.S.C. Chapter 41 and compliance therewith.

51. Moreover, Truist did not establish and maintain procedures reasonably designed to assure and monitor employee compliance with such requirements.

52. The proof of this failure to establish and maintain procedures is evidenced in the fact that Truist has converted Mr. Boger's money for no reason, will not return it, and will not inform Mr. Boger as to why Truist took his money or how to retrieve it.

53. Pursuant to 12 U.S.C. § 4010(a)(1) and (a)(2)(A) Mr. Boger is entitled to actual damages and an additional amount between $100 and $1,000 as the Court allows.

## N.C. GEN. STAT. § 75-1.1

54. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein

55. At all times relevant to the allegations in this complaint, Truist has retained and deprived Mr. Boger of the use of his own money and will not give Mr. Boger an appropriate means of dispute that will correct Truist's retention of Mr. Boger's funds.

56. Truist had no justifiable reason to do this.

57. Mr. Boger disputed Truist's actions and Truist ignored the Plaintiff and continued to retain the Plaintiff's money.

58. Mr. Boger has informed Truist that there was no reason to take his money, but Truist ignored the disputes.

59. Truist has not provided a means of dispute whereby Mr. Boger can demonstrate to Truist that it should not have taken his money.

60. This behavior constitutes a specific violation of N. C. Gen. Stat. § 75-1.1.

61. The injuries suffered Mr. Boger are attended by circumstances of fraud, malice, and/or willful and wanton misconduct, calling for statutory damages of the actual damages plus civil penalties pursuant to N.C. Gen. Stat. § 75-16 as well as attorneys' fees and costs pursuant to N.C. Gen. Stat. § 75-16.1.

62. The continuing injuries by the Defendant constitute a new violation each week, pursuant to N.C. Gen. Stat. § 75-8.

## CONVERSION

63. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein:

64. "There are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012).

65. The money in the Account belongs to Mr. Boger and he has full legal right to withdraw that money.

66. Truist has wrongfully converted the money by closing the Account and disallowing Mr. Boger the ability to use his money.

67. "The measure of damages for conversion is the fair market value of the converted property at the time of the conversion, plus interest." *Marina Food Assoc., Inc. v. Marina Restaurant, Inc.*, 100 N.C.App. 82, 94 (1990).

68. Truist should return Mr. Boger's money with interest.

69. Upon information and belief, Truist has used Mr. Boger's money to earn interest either by investment or by float.

70. Because there was no reason for Truist to take Mr. Boger's money and because Truist has ignored all Mr. Boger's attempts to explain that fact, Truist has acted with fraud, malice and willful or wonton conduct.

71. This conduct meets the standard for recovery of punitive damages pursuant to N.C. Gen. Stat. § 1D-15(a).

## **DEMAND FOR JURY TRIAL**

72. Mr. Boger exercises the right to a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests the following relief from the Court:

1. Compensatory damages in an amount to be determined at trial that will fairly and reasonably compensate the Plaintiff for the economic damages, distress, aggravation, annoyance, humiliation, and financial hardship suffered as a result of the Defendant's unlawful acts;

2. Actual damages as well as an additional amount of $1,000, pursuant to 12 U.S.C. 4010.

3. Punitive damages in an amount to be determined at trial for the willful, wanton and/or reckless disregard for his legal rights pursuant to N.C. Gen. Stat. § 1D-15(a);

4. Costs of suit, any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from Truist;

5. Costs and reasonable attorney's fees pursuant to N.C. Gen. Stat. §§ 75-16.1;

6. An election of damages that includes treble damages pursuant to N.C. Gen. Stat. § 75-16; and,

7. For such other and further relief as this Court may deem just, equitable and proper.

**TODAY** is June 11, 2025.

                **WILLIAMS & PERRY**
By: */s/ M. Shane Perry*
     M. Shane Perry
     NC Bar Number: 35498
     109 W. Statesville Ave.
     Mooresville, NC 28115
     Telephone: 704-663-4187
     Facsimile: 704-663-4178
     shane@williamsperry.com